**Explanatory Comment**

The Supreme Court of Pennsylvania has adopted new Rule 2005 governing the naming of unknown, or John/Jane Doe, defendants in a complaint. Currently, the Rules of Civil Procedure are silent as to the use of Doe defendants in litigation; however, case law shows that the naming of Doe defendants has occurred. Rule 2005 is intended to fill this gap by standardizing the procedure in which to assert a cause of action against a Doe defendant.

The rule requires a complaint using a John/Jane Doe or similar designation to describe the defendant with sufficient particularity for identification. The rule imposes a duty on the plaintiff or joining party to exercise due diligence in identifying the actual name of the defendant both before and after the complaint is filed. While a sufficient description of an unknown defendant is typically fact specific to a particular case, it may include the physical characteristics of the unknown defendant, the position or title of the job performed by the unknown defendant, the alleged conduct of the unknown defendant, and how the unknown defendant is connected to the action.

Once served, the previously designated Doe defendant may challenge the filing party's due diligence by filing preliminary objections, asserting prejudice or any other ground set forth in Rule 1028. A defendant originally named by a Doe designation is not precluded from asserting nor is the grant of a motion to amend determinative of a defense based on a statute of limitations or repose.

It is important to note that designating a Doe defendant as a mere placeholder or as use as a class of defendants, *e.g.*, John Doe Defendants 1-10, is not a valid use of Rule 2005. The rule is not intended to create a practice of naming Doe defendants as a catch-all category in the event a probable defendant is not named in a complaint. Rule

2005 requires the information in the complaint concerning the Doe defendant to sufficiently describe that defendant for all intents and purposes except by its actual name.

Rule 2005 is not intended to affect the substantive rights of any litigant. The ability to substitute the actual name of the Doe defendant after the expiration of the statute of limitations does not impermissibly extend it. Rule 2005 does not extend the time for filing an action as prescribed by the applicable statute of limitations.

The rule is intended solely to provide a procedural mechanism to substitute the actual name of a Doe-designated defendant where the action has been filed within the limitations period and the defendant has been adequately described in the complaint to demonstrate that it was *that defendant* against whom the action was asserted.

By the Civil Procedural
Rules Committee

David L. Kwass
Chair

2